# WILLIAM BEATTIE *versus* GEORGE HANSCOM

May 1824 (?)

Henry S. Cole, attorney for defendant (petitioner for supersedeas).

## [OPINION]

Aplication for a Writ of Supersedeas &ᶜ

Statement by Affidavit— George Hanscom defᵗ—

Henry S Cole Attʸ for sᵈ Hanscom, states that William Beattie prosecuted said George before Justice Petit— That sᵈ Cole appeared for the Defᵗ on the day assigned for trial, and the Pltff not appearing at the hour, he moved for a nonsuit, which was granted by the Justice and entered of record— ½ past 10 Clock A M— That the Justice, at ½ past 3 °Clock caused sᵈ Cole to be notified in writing, that the Nonsuit was taken off and that a trial would be had at 4 P M. before said Justice on the Merits— That sᵈ Cole called on said Justice, and Contended that the Nonsuit was regular and ought to stand, and refused to proceed with the trial or make any defense— The Magistrate overruled the objection and proceeded with the trial in the absense of the defᵗ and his Counsel and entered a judgment agᵗ the Defᵗ for $27— That the defᵗ within 48 hours notified the Magistrate in writing, that he would remove the record and procedings entered in said action into the S Court by Certiorari, and informed the Justice that he was ready to enter into Bond with Two sufficient sureties, to prosecute said writ with effects— The Justice required of said Counsel to produce and file his Bonds— The defendants Counsel required the Justice to write out said Bond in order that it might be executed, which the Justice declined and refused to do, as not being a part of his duty, and that the Law made no provision for that service— Thereby, as the Counsel Contends, the Justice put it out of the power of the defendant, to avail himself of the writ of Certiorari, and to remove his Cause as he deserved, in as much as no surety Could be entered, thro the default of said Justice— He therefore prays that a supersedeas, may be allowed and issued, addressed to any Constable &ᶜ to restrain the levy of an execution issued or about to be issued on the above Judgᵗ &ᶜ

Two questions present themselves under this application for Consideration—

1st Has a Judge of the S. C authority to grant the writ, under the above statement—

2d Is the writ petitioned for the legal and proper remedy, as applying to the Case made out.?

In respect to the first point— By the 54 Section of the Act regulating chancery practice the S. Court and the Judges thereof, are restrained from granting an injunction to stay proceedings at Law, except in Cases pending in the S Court— A Supersedeas if applied to the Case as presented, is substantially an injunction, altho it bears a different Technical name— its operation will be the same, and no other— If therefore a Judge is restrained in granting an injunction, upon a Bill filed, which might be the foundation of a Judgment or Decree, it would seem to follow, that he could not grant the present writ, and thereby accomplish indirectly what the law has denied to him the means of doing in the usual method— It would be giving greater weight to an affidavit than a regular Bill, which it can never be presumed to be the object of the Legislature, nor Consonant with a correct interpretation of the Statute— It would be interfering with the proceedings in a suit at Law, not before the Court— Such being my view of the law as applying to the Case made out by the affidavit, I cannot Consent to allow the writ—

2d Admitting the authority to allow the writ is clear, is it the proper or legitimate remedy?—

The statutes point out Two modes by which an action may be removed from a Justice into a higher Court— The first by appeal into the County Court, where the merits will pass in review— The other into the S Court, by Certiorari, for the Correction of errors— The statute recognises no other method by which an action or Judgment, can be removed from a Magistrate— Either of those means of removal were within the reach of the Defendant, and at his election— When a suit is removed by appeal or Certiorari, the rights of the opposite party, must be secured, and the manner of doing it are pointed out by the statutes— But the defendant has abandoned these modes, & has resorted to one which the Statute does not contemplate, and wherein no provision has been made to guard and protect the interest and rights of the opposite party— Altho the writ is declared a writ of right, yet it is not a writ that issues of Course otherwise the allowance of a Judge would not be necessary— I do not consider the Case presented, a proper one to authorise me in granting the writ—

If the Justice has acted illegally, if he has failed to do his duty, if he has failed to grant the defendant a right, the law guaranteed to him, he is not destitute of a remedy, altho I think he has in the present application mistaken it— The writ of supersedeas, in most of its uses is auxiliary and dependant on some other writ or proceedings— Of itself it never Can bring up a record from an inferior to a superior Court— If granted under the present application, it would present nothing to the Court on which it could enter Judgment— The opposite party would be left without remedy, for any damages he might sustain— Instead of its being a remedial writ, if allowed It would become an unwarrantable obstruction to the due and legal course of Justice and if drawn into practice, would have a similar effect, as a repeal of the laws, and statutes of the Territory— Such a power is not nor ever was intended to be vested in the Judges of the Supreme Court—